**From:** Thomas Gruenert [TGruenert@neighborshealth.com]
**Sent:** Tuesday, June 6, 2017 3:58 PM
**To:** Jermaine; Kellie Keeling
**CC:** Setul G. Patel; Francine Elliot; Cynthia Mathew
**Subject:** Re: Infinity Emergency Management Group, LLC

Jermaine,

As you have seen, the issue of inter-company advances is not specifically addressed in the Series Agreement.

Neighbors Health, as Series Manager and under the express authority granted under the Series Agreement, manages the cash revenue of all of the emergency centers. Series 114-Eastside has either borrowed money or executed a promissory note simply based on the fact that some of the Manager's revenue management activities include short term advances for the benefit of newer centers. The Manager's discretion to manage the cash revenue is not restricted in any way.

We hope to engage all of the investor physicians as early as the next sixty days in a deeper conversation about consolidating the various series interests into a single parent company. As part of that consolidation, the short terms advances will be credited as assets of the series generating same, and so the value of a series that has made short term advances will be greater than the value of a similarly situated series that has received advances that are still outstanding. TGG

**Thomas Gruenert, J.D.**
General Counsel

address 10800 Richmond Ave. Houston, TX 77042
office 713.436.5200 | fax 713.436.5210
cell 713.253.3036 | NEC24.COM

---

**From:** Jermaine <jb@unyglobe.com>
**Sent:** Monday, June 5, 2017 9:15 AM
**To:** Kellie Keeling
**Cc:** Setul G. Patel; Thomas Gruenert; Francine Elliot; Cynthia Mathew
**Subject:** RE: Infinity Emergency Management Group, LLC

Good Morning Thomas,

Thank you for the memo explaining the corporate structure and your analysis as to why the corporate structure permits NH the discretion to allocate the operating revenue from one center in order to support other centers, inter-company advances. However, after reviewing the provided documents, I was still unable to locate language that specifically authorizes the use of center's funds in order to support other centers, inter-company advances. As a matter of fact, the referenced section 2.D. Cash Management, Banking and Treasury, of the Management and Administrative Services Agreement states "... Manager, as agent of the Company... has the right to make deposits and withdrawals from any such bank account in connection with the operations of the Company. Manager will not have the authority to borrow money or execute any

promissory notes on Company's behalf without the consent of the Company". And said Company is specifically and solely defined as the center, Series 114- Eastside. So this actually leaves me to believe that all funds must remain within the Series and should not have been used outside of the Series without consent. However, I may have missed the exact section(s), in the documents, that specifically authorizes NH, so if you could please provide the exact section(s), in these attached documents, I would appreciate it.

Looking forward to your response.

Thanks,
Jermaine


--------- Original Message ---------
Subject: Infinity Emergency Management Group, LLC
From: "Kellie Keeling" <kkeeling@neighborshealth.com>
Date: 5/25/17 8:25 am
To: "jb@unyglobe.com" <jb@unyglobe.com>
Cc: "Setul G. Patel" <spatel@neighborshealth.com>, "Thomas Gruenert" <TGruenert@neighborshealth.com>, "Francine Elliot" <felliot@neighborshealth.com>, "Cynthia Mathew" <cmathew@neighborshealth.com>

Mr. Bowen:

Please see the attached memorandum from Mr. Gruenert.

Thanks,
Kellie


**Kellie Keeling**
Corporate Paralegal



address 10800 Richmond Ave. Houston, TX 77042
office 713.436.5200 | fax 713.436.5210
cell 713.252.8669 | NEC24.COM