**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE:<br><br>NEIGHBORS LEGACY HOLDINGS, INC.,<br><br>          Debtors. | CASE NO. 18-33836-HI-11<br>(Chapter 11) |
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC,<br><br>          Plaintiff,<br>v.<br><br>NEIGHBORS  HEALTH SYSTEM, INC., *et al.*,<br>          Defendants. | ADV. P. NO. 18-3276 |

**UNSECURED CREDITOR TRUST'S STATEMENT**

Mark Shapiro, the trustee (the "Unsecured Creditor Trustee") of the Unsecured Creditor Trust, hereby files this Statement in connection with the above-referenced adversary proceeding, and respectfully states as follows

**INTRODUCTION[1]**

1.      Since the Effective Date of the Plan and the formation of the Unsecured Creditor Trust, the Unsecured Creditor Trustee has been actively monitoring this adversary proceeding given its obvious impact on the Unsecured Creditor Trustee's anticipated pursuit of claims on the Unsecured Creditor Trust's behalf.  The Unsecured Creditor Trustee, however, also is acutely

---

[1] Capitalized terms used in this Introduction but not otherwise defined shall have the meanings set forth in the Statement.

cognizant of the Unsecured Creditor Trust's limited resources. Accordingly, given the extensive briefing done by the D&O Defendants in connection with the Cross Summary Judgment Motions on the limited issue of direct versus derivative claims asserted by the Plaintiffs, the Unsecured Creditor Trustee purposely has been limiting his role in this adversary proceeding to avoid duplication of efforts and depletion of the minimal funds in the Unsecured Creditor Trust.

2.      The threshold issue in this adversary proceeding has not changed – the Court must first determine whether Infinity has standing to pursue some or all of its claims against the D&O Defendants. While the Unsecured Creditor Trust engaged in good-faith negotiations with Infinity regarding a joint prosecution agreement that would avoid the need to have that threshold issue decided, the parties were unable to come to an agreement. Now, in an attempt to avoid a mini-trial on the issue of whether Infinity's claims are predominantly derivative (which they are), Infinity is suggesting that the Unsecured Creditor Trust should be forced to pursue a prosecution of its claims against the D&O Defendants in the context of this adversary proceeding. Infinity's position is not correct and unnecessarily would prejudice the Unsecured Creditor Trust if adopted by this Court.

3.      While the Unsecured Creditor Trust is prepared to move forward with a complaint against the D&O Defendants on **all** derivative claims, it should know whether the claims in the Infinity Complaint are derivative and, thus, are claims that are properly asserted by the Unsecured Creditor Trust and not Infinity.   In other words, the threshold issue the Court identified months ago must be adjudicated pursuant to the bifurcated process the Court has previously crafted. Once the Court rules, the Unsecured Creditor Trust can file its own complaint against the D&O Defendants asserting the estates' derivative claims (including those claims that have previously been improperly asserted by Infinity).

2

## BACKGROUND

**A.**     **General Background**

4.     On July 12, 2018 (the "Petition Date"), Neighbors Legacy Holdings, Inc. f/k/a Neighbors Health Systems, Inc., Neighbors Health, LLC and Neighbors GP, LLC (the "Debtor Defendants") and certain other affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. From and after the Petition Date, the Debtors continued to operate as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.     On March 22, 2019, the Court entered an Order (the "Confirmation Order") confirming the *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan").

6.     The Confirmation Order and Plan, among other things, approved the form of the Unsecured Creditor Trust Agreement and the appointment of the Unsecured Creditor Trustee to administer the Unsecured Creditor Trust. Additionally, the Plan provided for the establishment of the Unsecured Creditor Trust effective on the effective date of the Plan, which occurred on April 8, 2019 (the "Effective Date"). *See* Section V.D. of the Plan.

7.     Pursuant to the Plan and Confirmation Order, on the Effective Date, the Unsecured Creditor Trustee was to be substituted as a party of record in all pending litigation brought by or against the Debtors, except for any actions related to the enforcement of Liquidating Trust Assets (as defined in the Plan). *See* Confirmation Order ¶ 8; *see also* Section V.I. of Plan. Thus, in accordance with the Plan and Confirmation Order, on the Effective Date, the Unsecured Creditor Trustee automatically, without further action of any party or the Court, substituted as party of record for the Debtors in all pending litigation including the within adversary proceeding.

8.     Pursuant to the Plan, the Unsecured Creditor Trust is charged with maximizing value for the benefits of its beneficiaries.  Since the Effective Date, the Unsecured Creditor Trust has accessed a portion of it limited resources ($275,000 as of confirmation) to investigate and analyze causes of action against, *inter alia*, the Debtors' officers and directors that could result in a recovery to the beneficiaries of the Unsecured Creditor Trust.  The Unsecured Creditor Trustee has already expended a portion of the funds in the Unsecured Creditor Trust on that investigation and expects to commence litigation in the near future.

**B.     The Infinity Adversary Proceeding**

9.     On December 14, 2018, Infinity Management Group, LLC ("Infinity") filed a Third Amended Complaint (the "Complaint") against Neighbors Legacy Holdings, Inc. f/k/a Neighbors Health Systems, Inc., Neighbors Health, LLC and Neighbors GP, LLC (the "Debtor Defendants") and certain of the Debtors' officers and directors (the "D&O Defendants").   The Complaint, which has proceeded in this Court following the removal of the original complaint from the Texas state court where it was filed pre-petition, asserts causes of action for, among other things, (i) derivative claim of abuse of control, (ii) derivate claim of gross mismanagement, (iii) derivative claim of waste of corporate assets, (iv) direct claim of negligence and gross negligence, (v) direct claim of negligent misrepresentations, (vi) direct claim of aiding and abetting breach of fiduciary duty, (vii) direct claim of violations of Securities Act and (viii) direct claim of conspiracy to breach fiduciary duty.

10.     On February 13, 2019, the Debtor Defendants filed an answer to the Complaint (the "Answer").  In the Answer, the Debtor Defendants denied that Infinity had standing to pursue claims against the D&O Defendants.

11.     On February 13, 2019, before the Effective Date of the Plan and the formation of the Unsecured Creditor Trust, the D&O Defendants filed motions to dismiss for, among other

things, lack of standing [Docket Nos. 23 and 24] (the "Motions to Dismiss").   As set forth in

detail in the Motions to Dismiss, the D&O Defendants argued that the claims against them are

derivative claims that belong to the Debtors' estates as a matter of law.  The Debtors concurred

in the position asserted in the Motion to Dismiss that the D&O Defendants lack standing to

pursue derivative claims that are property of the estates.  *See* Docket No. 30.  At that time, the

Unsecured Creditor Trust had not yet been formed and, thus, the Unsecured Creditor Trustee

could not take a position on the Motions to Dismiss.

12.     After the filing of the Motions to Dismiss, there were a number of responses,

replies and sur-replies filed by both Infinity and the D&O Defendants.  *See* Docket Nos. 27, 28,

31, 32 and 34.

13.     Immediately after the Effective Date, on April 10, 2019, the Unsecured Creditor

Trustee filed a *Notice of Appearance of Unsecured Creditor Trustee in Pending Adversary*

*Proceeding in Accordance with the Plan.  See* Docket No. 33.  On April 15, 2019, the Unsecured

Creditor Trustee participated in the hearing on the Motions to Dismiss.  At that hearing, the

Court denied the Motions to Dismiss and required the parties (including the Trust) to consult and

agree to a discovery schedule for a mini-trial as to the derivative nature of the claims asserted by

Infinity in the Complaint.  *See* Docket No. 35.

14.     On April 26, 2019, the Court held a status conference with respect to scheduling

of the mini-trial.  At that status conference, the Court directed the parties to submit a proposed

order (or competing orders) as to the issues that will be addressed at the mini-trial.  *See* Docket

No. 36.  In connection with the negotiation of that pre-trial order, Infinity initially objected to the

Unsecured Creditor Trust's participation in the adversary proceeding.

58324/0002-18187379v3

15.     After submission of competing orders, on May 17, 2019, the Court entered a pre-trial order for the mini-trial (the "Pre-Trial Order").  *See* Docket No. 54.  The Pre-Trial Order identified the following matters to be addressed at the mini-trial:

1.  What entity owned the business that was operated at Edgemere/Eastside Emergency Center located in El Paso, Texas?

2.  What entity owned the business that was operated at the Zaragoza Emergency Center located in El Paso, Texas?

16.     The Pre-Trial Order provided that the Unsecured Creditor Trustee is substituted as party of record for the Debtor Defendants.  The Pre-Trial Order also provided that the Unsecured Creditor Trustee shall be permitted to participate in the adversary proceeding in all respects on behalf of the Debtor Defendants.

17.     On July 1, 2019, the Court held another status conference and scheduled deadlines for discovery-related motions, dispositive motions, responses and oral argument of dispositive motions.  *See* Docket No. 56.  In accordance with that schedule, as subsequently extended by the Court, Infinity and the D&O Defendants filed competing motions for summary judgment (the "Cross Summary Judgment Motions").  *See* Docket Nos. 59-62.

18.     The Summary Judgment Motion filed by the D&O Defendants was comprehensive and addressed all of the applicable legal and factual issues.  Given the extensive briefing done by the D&O Defendants, the Unsecured Creditor Trustee determined that, rather than diminish limited estate resources to file his own pleading (which would likely be duplicative of that filed by the D&O Defendants), he would closely monitor the adversary proceeding at this juncture without taking an active role.

19.     After replies and sur-replies having been filed, on October 3, 2019, the Court held a hearing on the Cross Summary Judgment Motions.  *See* Docket No. 74.  While the Court did

58324/0002-18187379v3

not rule on the Cross Summary Judgment Motions, it did indicate that it likely would need to move forward with the mini-trial on the issues outlined in the Pre-Trial Order. The Court also previewed for the parties that it likely would find at least some of the claims asserted by Infinity to be derivative claims.

20.     Having heard that the Court may ultimately rule against it, Infinity suggested, for the first time, that it made sense to discuss a joint prosecution of all claims, including those directly held by Infinity, with the Unsecured Creditor Trust, the holder of the Debtors' derivative claims. To afford Infinity time to see if it could enter into an agreement with the Unsecured Creditor Trust as to a joint prosecution, the hearing on the Summary Judgment Motions was continued.

21.     After the hearing on October 3, 2019, counsel for the Unsecured Creditor Trust as well as the Unsecured Creditor Trustee engaged in good faith discussions with Infinity as to a joint prosecution of the derivative claims in the Complaint. The parties, however, were unable to come to an agreement with respect to a joint prosecution.

22.     On November 20, 2019, the Court held another status conference at which time Infinity and the Unsecured Creditor Trust advised that they were unable to come to an agreement on a joint prosecution.   Following that status conference, the Unsecured Creditor Trust made additional attempts to consensually resolve the prosecution of the derivative claims.   Such discussions were unsuccessful. Given the Court's prior foreshadowing of its ruling on the direct versus derivative issue, the Unsecured Creditor Trust believes that a simple resolution would be for Infinity to simply dismiss the derivative claims and allow the Unsecured Creditor Trust to pursue those claims (along with the other claims it intends to pursue). The Unsecured Creditor

Trust believes this would eliminate the necessity of a mini-trial on the issue and further depletion of the D&O liability insurance.

## UNSECURED CREDITOR TRUST'S INTENTION

23.     As set forth above, since the Effective Date the Unsecured Creditor Trust has been investigating and analyzing causes of action the Debtors' officers and directors, and others. It was, and continues to be, the Unsecured Creditor Trust's intention to pursue all appropriate causes of action against the Debtors' officers and directors including those causes of action in the Complaint that are determined to be derivative.   In fact, the Unsecured Creditor Trust was waiting for a determination on the direct versus derivative issue in this adversary before commencing its own litigation.

24.     The Unsecured Creditor Trust is now moving forward with the retention of litigation counsel and the preparation of a complaint against, *inter alia*, the Debtors' officers and directors.  Given the Court's suggestion that the Unsecured Creditor Trust should proceed to litigate its claims against the Debtors' officers and directors, it is the intention of the Unsecured Creditor Trustee to file a complaint by the end of January, 2020. To the extent the Unsecured Creditor Trust's claims overlap with the claims asserted in this adversary proceeding, the Unsecured Creditor Trust will, as determined appropriate, seek to coordinate the proceedings, or so much thereof as is appropriate, so that there is no duplication of efforts.

Dated:  November 27, 2019               Respectfully submitted,

                          By:     */s/ Michael D. Warner*
                                  Michael D. Warner (TX Bar No. 00792304)
                                  COLE SCHOTZ P.C.
                                  301 Commerce Street, Suite 1700
                                  Ft. Worth, TX  76102
                                  (817) 810-5250
                                  (817) 810-5255 (fax)
                                  mwarner@coleschotz.com
                                  *Counsel for the Unsecured Creditor Trustee*