IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § § § | CASE NO. 18-33836-H1-11 (Chapter 11) |
| Debtor. | § | |
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC, Individually and as Class B Non-Voting Members on Behalf of Series 114 - Eastside and Series 115 – Zaragoza, | § § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | ADV. P. NO. 18-3276 |
| NEIGHBORS HEALTH SYSTEM, INC., et al, | § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE IMPACT OF
EQUITABLE OWNERSHIP ON STANDING**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

COMES NOW, INFINITY EMERGENCY MANAGEMENT GROUP, LLC, Individually and as Class B Non-Voting Members on behalf of Series 114 – Eastside and Series 115 – Zaragoza (the "Plaintiff"), Plaintiff in the above styled adversary, and files its Plaintiff's Supplemental Brief on the Impact of Equitable Ownership on Standing, as follows:

1. Plaintiff is the rightful owner of all profits of the emergency clinics at issue. To the extent the LPs had the funds from the facility fee billings in their bank accounts, the LPs had only bare legal title and no equitable interest in those funds. The LPs never had bare legal title to

1

the funds from the physician fee billings.  The Plaintiff therefore has standing to bring the claims of the Series for its lost profits.[1]

2. The Fifth Circuit has held that the determination of standing is based on whether, under state law, the debtor could have raised the claim at the commencement of its case. *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994); *See In re Mortgage America Corp.*, 714 F.2d 1266, 1276 (5th Cir. 1983).  The Court must look at "the nature of the injury for which relief is sought." *In re Educators Group Health Trust*, 25 F.3d at 1284.  "The injury characterization analysis should be considered as an inseparable component of whether an action belongs to the [estate] or individual [creditor]." *In re E.F. Hutton Southwest Properties II, Ltd.*, 103 B.R. 808, 812 (Bankr. N.D. Tex. 1989).  The Fifth Circuit in *Educators Group Health Trust* explained that "[i]f a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate," but "if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action . . . is not property of the estate." *Educators Group*, 25 F.3d at 1284.  In this case, since NEC Eastside and NEC Zaragoza owned only the bare legal title to the funds that were in the bank accounts, and Series 114 – Eastside and Series 115 – Zaragoza owned the equitable title to the funds, the cause of action of the Plaintiff does not explicitly or implicitly allege harm to the debtor, so the cause of action could not have been asserted by the debtor as of the commencement of the case.  The causes of action are not property of the estate.

3. State law applies to determinations of whether a party owns an equitable or beneficial interest in property as opposed to a legal interest or "bare legal title." *See Southmark Corp. v.*

---

[1] The Trustee's own exhibit (Doc. No. 88-1) to his motion for summary judgment shows that Plaintiff's member physician were listed on the facility license as having an interest in the facility.  See Exhibit 1.

*Grozs (In re Southmark Corp.)*, 49 F.3d 1111, 1118 (5th Cir. 1995). The fact that funds are in a person's bank account is not determinative of ownership of those funds. Funds deposited into a bank account creates a debtor-creditor relationship between the depositor and the bank. *Citizens National Bank of Dallas v. Hill*, 505 S.W.2d 246 (Tex. 1974). The depositor on the account has legal title, but depending on the facts, may have only bare legal title of the funds on deposit and not equitable title. *Silsbee State Bank v. French Market Grocery Co.*, 132 S.W. 465, 466 (Tex. 1910); *See RepublicBank Dallas v. National Bank of Daingerfield*, 705 S.W.2d 310, 311 (Tex. App. – Texarkana 1986, no writ); *Canyon Lake Bank v. Townsend*, 649 S.W.2d 809, 810 (Tex. App. – Austin 1983, no writ); *Belva Oil Co. v. Lowe*, 27 S.W.2d 599, 600 (Tex. Ct. App. 1930, no writ). Whether the funds on deposit in a bank account are truly owned by the depositor or whether the depositor holds only legal title and another person owns the equitable or beneficial title is a question of fact for the jury. *See Silsbee State Bank,* 132 S.W. at 466.

4. Under Texas case law, an owner of equitable title or a beneficial interest in property has standing to bring claims involving that property. *Goswami v. Metropolitan Savings & Loan Assoc.*, 751 S.W.2d 487, 489 (Tex. 1988)(lessee with equitable interest in rental allowed standing to challenge foreclosure sale); *See Kuhns v. Carnes*, 1999 Tex. App. LEXIS 6901, 1999 WL 699809 (Tex. App. – Austin September 10, 1999, pet. denied). Federal cases have also held an owner of an equitable interest in property has standing to pursue claims involving that property. *Trien v. Fed. Home Loan Mortg. Corp.*, 400 F. Supp. 3d 596, 603 (W.D. Tex. 2019)(citing Goswami 751 S.W.2d at 489); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108 (5th Cir. 1992). These cases recognize that when a person has the beneficial interest in property, the person has standing to pursue claims involving that property.

5. This Court has suggested that its opinion in *Sommers v. Katy Steel Co. (In re Contr. Tech., Ltd.)*, 343 B.R. 573 (Bankr. S.D. Tex. 2006), *aff'd Varela v. Sommers*, 2006 U.S. Dist. LEXIS 80109 (S.D. Tex., Nov. 2, 2006), *aff'd* 229 Fed. Appx. 294, 2007 U.S. App. LEXIS 12162 (5th Cir. 2007)(per curiam) may have bearing on this case.  Plaintiff agrees.  In that case, the Chapter 7 Trustee of a general contractor company sued certain subcontractors for post-petition transfers under 11 U.S.C. § 549.  This Court discussed the differences between avoidance actions under § 547 and those under § 549 when the estate owns only legal title and not equitable title to the funds. The Court held that a trustee may not pursue a preferential transfer of funds to which the debtor had only legal, not equitable, title, because the estate would not be able to distribute those funds to creditors generally.  343 B.R. at 584.  The Court pointed out the principal purpose of section 549 is to "assure that the estate's fiduciary complies with applicable distribution law and Court orders." *Id.* In the *Contractors Technology* case, this policy was crucial, as the alleged trust was for the benefit of many subcontractors, not just the defendants before the Court, and it appeared likely that there would be more claims by trust beneficiaries than there were trust funds to distribute.  343 B.R. 584 – 585.

6. *Contractors Technology* teaches us claims involving funds transferred by a debtor before bankruptcy is filed may be treated differently than claims involving funds transferred by a debtor after bankruptcy is filed.  That case also teaches us that whether funds recovered may be used to satisfy estate creditors other than the beneficiary claiming ownership to the funds must be considered to determine whether a trustee holding bare legal title can bring the claim.  In the present case, Series 114 – Eastside and Series 115 – Zaragoza owned the funds from physician billing outright and owned the equitable interest in the funds from facility billing that were in the bank accounts of NEC Eastside and NEC Zaragoza.   NEC Eastside and NEC Zaragoza

4

transferred the funds at issue out of their accounts prior to the Debtors' bankruptcy petitions being filed. If NEC Eastside and NEC Zaragoza were to obtain a damages award for the damages caused by the lost profits, those funds could not be used to distribute to other creditors, because the award would constitute lost profits owned by Series 114 – Eastside and Series 115 – Zaragoza, which owned the 99% limited partnership interest in those LPs. Policy would dictate that Plaintiff has standing to bring the derivative claims to recover the Series' lost profits.

7. Perhaps even more on point is this Court's opinion in *In re Black Elk Energy Offshore Operations, LLC*, 2016 Bankr. LEXIS 2708 (Bankr. S.D. Tex., July 26, 2016). In *Black Elk* this Court held that equity interest owners, not the debtor, had standing to bring certain tax claims. The Court followed the holdings in *In re Schimmelpenninck*, 183 F.3d 347, 359 (5th Cir. 1999) and *Tow v. Amegy Bank N.A.*, 976 F.Supp.2d 889, 910 (S.D. Tex. 2013) that if there is no generalized injury to the debtor's estate that in turn affected creditors, the claim belongs to the creditor injured. Given those holdings, this Court held in *Black Elk*:

> In the present case, the Movants' alleged tax claim would have harmed all equity holders on a pro rata basis, but it would not be an injury to the estate that flowed through the estate to injure creditors. On the contrary, the estate may have benefitted from the company's alleged breach of the company agreement by not distributing funds to equity to cover the tax liability.

2016 Bankr. LEXIS 2708 at *10. In this case, the Plaintiff's claims brought against the non-debtor D&Os do not involve an injury to the estate that flow through the estate to injure creditors. In fact, the Neighbors' bankruptcy estates benefitted from the transfer of the funds held in the NEC Eastside and NEC Zaragoza bank accounts by placing the funds into the hands and use of failing debtor entities. It is proper to recognize Plaintiff's standing to bring these claims on behalf of Series 114 – Eastside and Series 115 – Zaragoza, which are the owners of the profits and the equitable owners of the funds on deposit in the accounts at issue.

Respectfully submitted,

**WAUSON | PROBUS**

By:    /s/ Matthew B. Probus
     **Matthew B. Probus**
     TBA# 16341200
     Fed. I.D. # 10915

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 telephone
(281) 242-0306 facsimile

*ATTORNEYS FOR PLAINTIFF,*
*INFINITY MANAGEMENT GROUP, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded by electronic delivery through the ECF/PACER system and via electronic delivery to the parties listed below on this the 6th day of July 2020:

Staton M Childers
Staton.childers@arlaw.com

Paul D Flack
pflack@prattflack.com

Jarrod B. Martin
Jarrod.Martin@mhllp.com

Millard A Johnson
mjohnson@jdkglaw.com

Sara J. Sherman
ssherman@jdkglaw.com

James G Munisteri
jmunisteri@foley.com

Christina Minshew Lewis
clewis@moyerpatton.com

Felice R. Yudkin
fyudkin@coleschotz.com

Warren Usatine
wusatine@coleschotz.com

Clifford Walston
cliff@walstonbowlin.com

                                              */s/ Matthew Probus*
                                              Matthew Probus