IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § § § | CASE NO. 18-33836-H1-11 (Chapter 11) |
| Debtor. | § | |
| INFINITY EMERGENCY MANAGEMENT GROUP, LLC, Individually and as Class B Non-Voting Members on Behalf of NHS Emergency Centers, LLC Series 114 - Eastside and NHS Emergency Centers, LLC Series 115 – Zaragoza, | § § § § § § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | ADV. P. NO. 18-3276 |
| TENSIE AXTON, Trustee of the NLH Liquidating Trust, representative and successor-in-interest to Neighbors Health System, Inc. and NHS Emergency Centers, LLC, et al, | § § § § § § § | |
| *Defendants.* | § | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES, | § § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., et al, | § § § § | |
| *Defendants.* | § | |

**INFINITY EMERGENCY MANAGEMENT GROUP, LLC'S
MOTION TO DISMISS TRUSTEE'S FIRST AMENDED COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

1

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING HAS BEEN SELF-CALENDARED AND WILL BE HEARD ON MAY 12, 2021 AT 9:00 A.M. VIA TELEPHONE AND VIDEO CONFERENCE. THE INSTRUCTIONS ARE PROVIDED BELOW.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY COURT JUDGE:

COMES NOW, INFINITY EMERGENCY MANAGEMENT GROUP, LLC Individually and as Class B Non-Voting Members on behalf of Series 114 – Eastside and Series 115 – Zaragoza ("Infinity" or the "Defendant"), and makes this Infinity Emergency Management Group, LLC's Motion to Dismiss Trustee's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and would show the Court as follows:

## I.

## Relief Requested

1. Infinity seeks dismissal of the claims of plaintiff Mark Shapiro, Trustee of The Unsecured Creditor Trust of Neighbors Legacy Holdings, Inc. and Its Debtor Affiliates ("Shapiro" or the "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) as incorporated by Fed. R. Bankr. P. 7012. The Plaintiff has failed to state a claim upon which relief may be granted. The Plaintiff has failed to allege any specific facts to support the elements of his fraudulent transfer claims against Infinity.

## II.

## Jurisdiction And Constitutional Authority

2. The parties do not dispute federal jurisdiction under 28 U.S.C. § 1334; however, the parties different on the question of whether this Court should enter a final judgment in this adversary. Infinity disputes that all the claims constitute "core" matters but are at least "related to" matters. The fraudulent transfer claims are in part state law Article III matters.

## III.

## Why The Relief Should Be Granted

3. Shapiro has failed to state a claim upon which relief can be granted with regard to all of his claims against Infinity. Shapiro asserts transfers but does make any specific allegations to support the elements of a fraudulent transfer claim under Tex. Bus. & Comm. Code, § 24.006 or 11 U.S.C. § 548. Shapiro also does not allege with any specificity: (1) that the transfers were of the Debtor's money as opposed to Series 114 – Eastside, LLC's and Series 115 – Zaragoza, LLC's Series Property, (2) that the transferors were insolvent or any property remaining after the Transfer was an unreasonably small capital, (3) that the transferors received less than a reasonably equivalent value from Infinity, (4) that there is an unsecured creditor that was in existence at the

time of the transfers who could bring the claim, and (5) that the transfers occurred within the limitations period.

4. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 12(b)(6). *Iqbal* dictates that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A dismissal for failure to state a claim is reviewed de novo. *Wallace v. Tesoro Corp.*, 796 F.3d 468, 475 (5th Cir. 2015) (citation omitted). The Federal Rules of Civil Procedure direct courts to freely give a party leave to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court's decision to grant or deny leave to amend will be overturned only for abuse of discretion." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (citation omitted).

5. In deciding a Rule 12(b)(6) motion, courts accept all well-pleaded facts as true viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, courts do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). In order to avoid dismissal, the pleadings must show specific, well-pleaded facts, not merely conclusory allegations. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Further, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must "permit the court to

infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Summary and conclusory allegations without more, such as "the transfers were for less than reasonably equivalent value," are not sufficient to survive dismissal. *See Basic Capital Mgmt. v. Dynex Capital, Inc.*, 2019 U.S. Dist. LEXIS 12176, *15 (N.D. Tex. January 25, 2019).

6. The Fifth Circuit addressed bare bones, conclusory allegations in a fraudulent transfer case in *Tow v. Bulmahn (In re ATP Oil& Gas Corp.)*, and dismissed the trustee's claims, writing:

> The Trustee asserts that the district court erred in dismissing the fraudulent transfer claims against the Officers and Directors with regard to the payment and receipt of certain cash bonuses. We agree with the court's conclusion that the Trustee failed to state a plausible claim for relief based on the fraudulent transfer claim.
>
> The Trustee, under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code § 24.005(a)(2), seeks to avoid as fraudulent transfers cash and stock bonuses paid to the Appellees in 2010 and 2011. The Trustee argues that ATP received less than reasonably equivalent value in exchange for the "improper and exorbitant cash bonuses" received by certain Appellees. A detailed recitation of the law on this point is unnecessary. We affirm the district court's conclusion that the Trustee's factual allegations fail to plausibly state a claim for relief. *See Iqbal*, 556 U.S. at 678; *cf. In re Felt Mfg. Co., Inc.*, 371 B.R. 589, 651 (Bankr. D.N.H. 2007) ("Bad business decisions without more cannot form the basis for a fraudulent conveyance action seeking recovery of compensation paid to an officer or a director."). The Trustee failed to plausibly allege that the defendants did not honestly and diligently perform their jobs. Even if these executives accepted compensation for decisions that—in hindsight—were problematic, that does not prove that the Officers and Directors acted to defraud the creditors of their employer's future estate.
>
> The Trustee also asserts that ATP was insolvent or had unreasonably small capital at the time of the bonus payments, thus the payments were fraudulent conveyances. However, the district court correctly found that the Trustee failed to present any financial data showing that ATP was actually insolvent or had little capital when making the complained-of bonus payments. Without a specific reference to ATP's financial condition at the time—which the Trustee should be capable of making in light of his access to ATP's financial books and records—the Trustee cannot plausibly show that ATP was insolvent at the time of the transfers. *See Iqbal*, 556 U.S. at 678. The Trustee, again, offers conclusory assertions about ATP's financial condition and subjective determinations regarding the amount of available capital. Conclusory allegations, even at the pleading stage, fail to plausibly state a claim upon which the court may grant relief. *Id.*

2017 U.S. App. LEXIS 21337, *12-14 (5th Cir. Oct. 27, 2017). Although this case involves distributions of net profit rather than bonuses, the concepts are the same – conclusory allegations of the elements of fraudulent transfer claims will not suffice. *See also Cage v. Davis (In re Giant Gray, Inc.)*, 2020 Bankr. LEXIS 2980 (Bankr. S.D. Tex. Oct. 22, 2020)(Judge Rodriguez dismissing fraudulent transfer claims where trustee failed to identify the existence of a single creditor who could have challenged the transfers at the time of the alleged fraudulent conveyances).

7. Shapiro makes the most conclusory of allegations against Infinity in his complaint. He generally alleges that "Neighbors Debtor Entities" made the transfers but does not even specific what debtor he claims made the transfers. He generally alleges that the funds came for debtor bank accounts, but he does not allege which debtors' accounts or what account were used. He generally alleges that the funds were debtors' funds, but if the transfers were for distributions of net profit under the Series Purchase Agreement, the only transfers possible would have been of Series Property by Series 114 – Eastside, LLC and Series 115 – Zaragoza, LLC, both non-debtors. He generally alleges the transferors were insolvent, but without some specificity the allegation must fail as the entire purpose of the transfers were distributions of net profit. The transferors must have been solvent if they were distributing net profits. He generally alleges that the transferors did not receive reasonably equivalent value in exchange for the transfer, but the allegations in his own complaint belie this – Infinity provided considerable equivalent value by, among other things, paying for membership interests, providing doctors to staff the FEDs, and operating the FEDs. There is no allegation whatsoever to support the element that there was an unsecured creditor in existence at the time of the transfer who could have brought the claim.

Finally, the only allegations as to the time of the transfers evidences that they are barred by limitations.

8. As a final note, this Court has already ruled on motion for summary judgment in the adversary brought by Shapiro against other Class B members of Series entities that no claims exist as to transfer prior to July 12, 2016 and no claims exist for transfers that constitute tax distribution:

> 1. Summary Judgment is GRANTED IN PART, the Court finding that all claims in Plaintiff's First Amended Complaint [Docket No. 4] to avoid any transfers that pre-date July 12, 2016 should be, and hereby are, DISMISSED with prejudice.
>
> 2. Per agreement of the Parties, Summary Judgment is GRANTED IN PART as to all claims in Plaintiff's First Amended Complaint concerning transfers that constitute tax distributions and hereby are DISMISSED with prejudice. However, the Court does not make any determination as to which alleged transfers, or portion thereof, constitute tax distributions.

(See Adv. Pro. No. 20-3016, Doc. No. 91).

9. The Plaintiff's claims are supported by precisely the type of conclusory allegations that the Supreme Court has held are insufficient. This Court should dismiss the Plaintiff's claims against Infinity with prejudice.

WHEREFORE, PREMISES CONSIDERED, Infinity Emergency Management Group, LLC respectfully requests that this Court dismiss with prejudice the fraudulent transfer claims of Mark Shapiro, Trustee of the Creditors Trust.

Respectfully submitted,

**WAUSON | PROBUS**

By: ___/s/ Matthew B. Probus___
**Matthew B. Probus**
TBA# 16341200
Fed. I.D. # 10915
mbprobus@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR PLAINTIFF,*
*INFINITY EMERGENCY MANAGEMENT*
*GROUP, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded by electronic delivery through the ECF/PACER system and via United States regular mail, first class postage prepaid, to the parties listed below on this the 15th day of April, 2020:

Cliff Walston
Walston Bowlin, LLP
4299 San Felipe Street, Suite 300
Houston, Texas 77027
cliff@walstonbowlin.com

Staton M Childers
Adams and Reese, LLP
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, Texas  77010
Staton.childers@arlaw.com

Paul D Flack
Pratt and Flack LLP
1331 Lamar Street, Suite 1250
Houston, TX 77010
pflack@prattflack.com

Jarrod Martin
McDowell Hetherington LLP
1001 Fannin Street Suite 2700
Houston, TX 77002
Jarrod.Martin@mhllp.com

Millard A Johnson
Johnson DeLuca Kennedy & Kurisky, P.C.
1221 Lamar, Suite 1000
Houston, TX 77010

8

mjohnson@jdkglaw.com

James G Munisteri
Foley Gardere
1000 Louisiana, Suite 2000
Houston, TX 77002
jmunisteri@foley.com

Christina Minshew Lewis
Moyer Patton
11767 Katy Freeway, Suite 990
Houston, TX 77079
clewis@moyerpatton.com

                                                          */s/ Matthew Probus*
                                                         Matthew Probus